GATES, Plaintiff in Error, vs. CLAVADETSCHER, Defendant in Error.

1. The attachment law of 1845, and not the new code, governs as to the publication of notice to non-resident defendants in attachment suits.
2. No finding of facts is necessary upon an inquiry of damages after a judgment by default.

*Error to St. Louis Court of Common Pleas.*

Gates brought suit by attachment on an open account against Clavadetscher, returnable to the September term, 1852. The sheriff returned that Clavadetscher was not found. At the

September term, the plaintiff took the usual order for publication of notice, to be made according to law. At the February term, 1853, the plaintiff took judgment for want of an answer, and submitted the case for proof of his damages to the court. The court found in his favor a large amount of damages, but filed no decision in writing. At the same term, the defendant moved to set aside the judgment for irregularity, and in support of the motion, showed in evidence that the order of notice was, in fact, published *five weeks only*, and that the judgment was rendered on proof of such publication only. The court below overruled the motion, and the defendant below excepted.

*R. M. Field*, for plaintiff in error.

*Comfort & Manter*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

1. The only point in this case calling for the opinion of the court, is in relation to the time of publication of the notice. The statute of 1845, concerning attachments, is still in force ; the manner of giving notice, what the notice shall contain, the manner of giving publicity in some newspaper printed in this state, the last insertion to be not less than four weeks before the first day of the next term, &c.; all these things must still be adhered to in attachment cases. Why should eight weeks publication be required ? Why retain most of the provisions of the attachment law of 1845, set forth in sections 14, 15 and 16, in article 1, and yet reject the four weeks' publication, and in lieu of this provision, take the publication required in the new general practice act of eight weeks ? The practice act requires publication of notice to non-resident, absent or unknown defendants to be made for eight weeks successively, the last insertion to be four weeks before the commencement of the term, and it provides that suits may be brought by attachment, in the cases, and conducted in the manner authorized by statute in such cases, provided that the pleadings and procedure shall be, as near as may be, according to the provisions

of this act, that is, the proceedings in the courts, so far as the mode is concerned. The practice act has had the tendency to increase suits and costs enough already among litigants, and this court is not disposed to increase the costs of giving notice in attachment suits, by doubling the length of the publication in a newspaper. We do not think the general practice law of 1849 was designed to affect the provisions in the attachment law of 1845, any further than to alter the pleadings. The plaintiff is to sue by petition, and the defendant to answer, and then the mode of carrying on the case before the courts is to be, as near as may be, in conformity to that act. This point is valid against the defendant below.

2. The second point is also for the plaintiff below. The court is not required to find the facts, and preserve them by filing them in writing with the clerk, in cases where judgments by default have been rendered. It is only where an issue of facts has been referred to the court by the parties, that the facts must be found.

The judgment below is affirmed, the other judges concurring.